[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action seeking a dissolution of marriage and related ancillary relief. The parties were both represented by counsel and offered testimony. In making its orders the Court is cognizant of and considers the provisions of Connecticut General statutes Section 46b-81 and 46b-82.
The parties intermarried on October 26, 1991 and separated in January, 1992. The wife is 50 years of age and the husband is 53 years old. The plaintiff has alleged and proven the necessary jurisdictional predicates.
CT Page 10363 The Court finds the marriage has broken down irretrievably and grants the decree of dissolution on said grounds. At the wife's request her maiden name, Betty Ann Ricardo is ordered restored to her.
The present marriage is the second between these parties. They were first married on July 13, 1985 and that marriage ended in a dissolution on August 19, 1991. By written agreement of the parties incorporated by reference into the decree it was ordered that:
 1. The husband shall quitclaim his interest in the jointly owned home to the wife, with the wife assuming all bills relating to the house, including the existing mortgage.
 2. The husband shall pay the following liabilities shown on the wife's financial affidavit:
1. Bank of New York Cashline $6558.96
2 . Citibank Visa (CBT) 646.27
3. One half of the Discover
Card — 50% = 2140.00
 Each party was responsible for other debts listed on their affidavits, and the above listed obligations were in lieu of alimony.
 3. The husband shall transfer his interest in Outdoor World to the wife.
 4. The husband shall provide health insurance for the wife through his union pursuant to COBRA provisions, and pay the premiums for six months.
 5. The husband shall pay $1.00 per year as periodic alimony, modifiable only if the husband files bankruptcy or fails to make the payments in paragraph 2 above.
CT Page 10364 6. The wife's maiden name was restored.
 7. The husband shall assign all life insurance policies he owns on wife and daughter Elizabeth to the wife.
The parties resumed living together in September 1991 and, as noted, remarried in October 1991. At that time there was still a substantial debt owing on multiple credit cards. Some fifteen weekly payments were being made on these accounts and the parties looked for a way to consolidate their bills. Their solution was to obtain a home equity or second mortgage in the amount of $28,000.00 (although they netted under $24,500 after attorney fees and loan costs). The terms of this mortgage require monthly payments of $443.00 for five years (paying interest only at 18% or more) and at the end of five years a balloon payment of $28,000.00 to pay off the principal. The loan was obtained on or about October 18, 1991. At that time the husband's interest in the real estate had not yet been conveyed to the wife (through no fault of his), thus he is a signator on the note and mortgages. In March of 1992, he did quitclaim his interest to the wife.
Both parties have submitted proposed orders with the principal issue being the amount of alimony the husband should pay in allocating responsibility for the debts of the parties. The husband agrees that a portion of the money received from the home equity loan was used to pay off debt which was his obligation or was otherwise utilized for his benefit.
Based on the testimony and evidence the Court finds that $6,000.00 proceeds from the loan went to the benefit of the husband. In addition the parties incurred a substantial new debt on a charge with People's Bank. The Court finds that $1,200.00 of that outstanding bill is the obligation of the husband.
The husband paid the wife's medical insurance for six months as ordered in the first decree. He lost his job in March 1992 at the Finast Supermarket because of an altercation he had with the boyfriend of the wife's daughter (Perry Phillips) after Mr. Phillips and he got into an argument at the store where the husband was working. Medical CT Page 10365 coverage for the wife is not available to the husband at his present part-time job. The treatment plan for dental work required by the wife (plaintiff's exhibit 1, dated April 27, 1992) shall not be the obligation of the husband.
The husband has agreed to accept the obligation of a bill owing to the South Windsor Pharmacy, and the Court so orders that said bill be the husband's obligation.
During the short period of this marriage the husband contributed his pay and worker's compensation payments to the household. The wife, her daughter and the daughter's boy friend resided in the family home and they were benefited by the husband's financial contribution. In sum, he contributed what he could during the short period of this marriage.
At this point the wife's assets include a note of $25,600.00 due from her son. The husband's assets include a modest pension and IRA account, and insurance with a cash value of $7,313.00. He works part-time as does the wife. Neither has substantial apparent earning capacity, although the husband receives in settlement of a worker's compensation claim, $318.00 per month, until June 1998. The husband proposes to pay $40.00 per week for 5 years, or a total of $10,400.00 which, according to the foregoing findings, is more than the benefits he received from the home equity loan — $6,000.00 plus $1,200.00 or $7,200.00. The Court essentially agrees with the husband's analysis, but believes the husband can and should pay more than $40.00 per week.
Therefore , the following orders shall enter:
 1. The marriage is ordered dissolved on grounds of irretrievable breakdown.
 2. The wife's maiden name (Ricardo) is ordered restored.
 3. The husband shall pay periodic alimony in the amount of $70.00 weekly for 149 weeks. Alimony will terminate on the wife's death but not in the event of her remarriage. The alimony is non-modifiable as to total amount.
4. The husband shall be responsible for the bills CT Page 10366 shown on his financial affidavit.
 5. The wife shall be responsible for the bills shown on her financial affidavit.
 6. The husband shall have possession and ownership of his golf clubs, fishing equipment, pictures of his mother and father, and pictures of children and diploma. Any other personal property in the family home shall be the property of the wife.
 7. The remaining balance of an income tax refund being held in escrow (approximately $600.00) shall be split equally between the parties.
 8. Each party shall be responsible for their own counsel fees.
 9 . Paragraph 7 of the first decree (assignment of insurance) remains in effect and is made a part of the judgment in this case.
BY THE COURT,
Hon. Lawrence C. Klaczak Superior Court Judge